**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

       AUG 1 6 2011

 CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ S  DEPUTY
```

David D. Cleary, 011806
Peter W. Sorensen, 007506
Attorneys for Petitioner W. A. Brandt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>Sheldon Player,<br><br>       Defendant. | NO. 86-CR-00081-PHX-RCB<br><br>**MOTION TO COMPEL** |

   William A. Brandt, Jr. ("Brandt"), not individually but solely in his capacity as the Plan Administrator of Equipment Acquisition Resources, Inc. ("EAR"), by his attorneys, David D. Cleary and Peter W. Sorensen of Greenberg Traurig LLP move to compel the Clerk of the United States District Court for the District of Arizona to disclose the recipients of the funds from a June 6, 2008 restitution payment paid by EAR in the amount of $462,265.99. In support of this motion (the "Motion"), Brandt states as follows.

   1.  Defendant Sheldon Player ("Player") pled guilty to two counts of aiding and abetting fraud and one count of mail fraud in this case. In connection with that guilty plea, a judgment order (the "Judgment") was entered against Player on December 21, 1988. A copy of the Judgment is attached as Exhibit A.

2. Pursuant to the Judgment, and in connection with his guilty plea to Count II, Player was required to make restitution to the U.S. Attorney General "for collection and disbursement to Greyhound Financial Corporation" in the amount of five hundred thousand dollars ($500,000.00). Exhibit A.

3. Brandt understands that Player was incarcerated in a federal penitentiary following the entry of the Judgment.

4. After his release from prison, Player founded EAR, an equipment leasing and refurbishment company, and served as an officer and shareholder of the company. EAR was based in Palatine, Illinois.

5. On June 6, 2008, Jackson State Bank & Trust of Jackson, Wyoming issued a cashier's check (the "Check") at Player's direction using EAR funds to "US District Court" in the amount of $465,265.99. A copy of the Check is attached as Exhibit B. The Check used the EAR funds to pay Player's personal restitution obligation, as noted by the handwritten case number on the bottom of the Check.

6. On October 9, 2009, Brandt was appointed the Chief Restructuring Officer of EAR after the creditors of EAR were made aware of financial irregularities at the company.

7. On October 23, 2009, EAR filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") pursuant to Chapter 11 of title 11 of the United States Code. Brandt authorized the filing of the petition.

8. On July 15, 2010, the Bankruptcy Court entered the Order Confirming Debtor's Second Amended Plan of Liquidation, which named Brandt as the Plan Administrator of EAR. In that capacity, Brandt and his counsel and other professionals have been investigating potential assets of the bankruptcy estate, including potential litigation recoveries.

PHX 329,948,759v1 8-16-11

9. In the course of the investigation, representatives of Brandt identified the Check. Brandt believes that the recipient(s) of the funds from the Check could possibly have received a fraudulent transfer pursuant to 11 U.S.C. § 548. Brandt thus needs the identity of the recipient(s) of the funds from the Check as part of his due diligence in his capacity as the EAR Plan Administrator.

10. Following the identification of the Check, George P. Apostolides, counsel for Brandt, contacted the office of the Clerk of the United States District Court for the District of Arizona (the "Clerk's Office") regarding the Check. Cindy Duca of the Clerk's Office advised counsel that after that office receives restitution payments, it pays them to the party identified as being entitled to restitution.

11. Apostolides then investigated Greyhound Financial Corporation ("Greyhound"), the party to which Player's restitution payments were to be disbursed pursuant to the Judgment. Counsel learned that Greyhound changed its name to Finova Capital Corporation ("Finova") some time after 1988, and also learned that in 2001 Finova and other associated entities filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware, case nos. 01-697 through 01-705 (jointly administered).

12. Due to the Finova bankruptcy, it is not clear where the proceeds of the Check were delivered.

13. Apostolides then spoke to Duca again. Duca advised him that the Clerk's Office knows how the Check proceeds were disbursed, but could not disclose that without a court order compelling the Clerk's Office to make that disclosure. Duca also indicated that she would handle the filing of the motion to compel, because the age of this case precludes filing through the CM/ECF system.

- 3 -

PHX 329,948,759v1 8-16-11

14. In order for Brandt, his counsel, and other professionals employed to determine whether there are assets available to the creditors of EAR, Brandt needs the identity of the recipient(s) of the funds from the Check, and needs a court order compelling the Clerk's Office to make that disclosure.

WHEREFORE, William A. Brandt, Jr., not individually but solely in his capacity as the Plan Administrator for Equipment Acquisition Resources, Inc., requests an Order compelling the Clerk of the United States District Court for the District of Arizona to disclose the recipient(s) of the funds from the June 6, 2008 check in the amount of $462,265.99 paid by EAR to the Clerk of the United States District Court for the District of Arizona as restitution in this matter.

RESPECTFULLY SUBMITTED this 16th day of August, 2010.

GREENBERG TRAURIG, LLP

By: /s/ Peter W. Sorensen
David D. Cleary
Peter W. Sorensen
2375 East Camelback Road
Suite 700
Phoenix, Arizona 85016
Attorneys for Petitioner W. A. Brandt

# EXHIBIT A

AO 245 (Rev. 8/87) Judgment in a Criminal Case

# United States District Court

DISTRICT OF __Arizona__

DEC 21   2 35 PM '88

U.S. ATTORNEY
PHOENIX

UNITED STATES OF AMERICA

V.

SHELDON PLAYER
(SSN ███████)
Mesa, AZ 85203

(Name and Address of Defendant)

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR 87-81-01-PHX-RCB

__Stephen R. McCaughey (ret'd)__
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF:**

☒ guilty   ☐ nolo contendere] as to count(s) __I, II and III of the Information.__
☐ not guilty as to count(s) _____

CERTIFIED TO BE A TRUE COPY.
DATED: __12-21-88__

**THERE WAS A:**
[☐ finding   ☐ verdict] of guilty as to count(s) _____

RICHARD H. WEARE, CLERK
U. S. DISTRICT COURT

BY _____
DEPUTY CLERK

**THERE WAS A:**
[☐ finding   ☐ verdict] of not guilty as to count(s) _____
☐ judgment of acquittal as to count(s) _____
The defendant is acquitted and discharged as to this/these count(s).

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF: Title 18, United States Code, Sections 2314 and 2 - Interstate Transportation of Money taken by Fraud, Aid and Abet as charged in Counts I and II of the Information: Title 18, United States Code, Section 2341 - Mail Fraud - as charged in Count III of the Information.

COUNT I - IT IS ADJUDGED that the defendant is committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE (5) YEARS to become eligible for parole pursuant to Title 18, United States Code, Section 4205(b)(2).
FURTHER ORDERED that the defendant shall pay a fine in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000).
COUNT III - IT IS ADJUDGED that the defendant is committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS; sentence to run concurrent with the sentence imposed in Count I.
COUNT II - IT IS ADJUDGED that imposition of sentence is suspended and the defendant is placed on probation for a period of FIVE (5) YEARS under the standard terms and conditions of probation and the following special terms of probation: That he comply with all rules and regulations of the probation office and any additional reasonable terms and conditions that may be imposed by that office; That he make restitution payable to the Attorney General for collection and disbursement to Greyhound Financial Corporation in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000) in amounts to be determined by the Court.
FURTHER ORDERED that defendant may have until 12:00 noon, Wednesday, February 1, 1989 to self-surrender to the United States Marshal, Phoenix, Arizona or to the designated facility by that time and date.

In addition to any conditions of probation imposed above, IT IS ORDERED that the conditions of probation set out on the reverse of this judgment are imposed.

AO 245 (Reverse)

## CONDITIONS OF PROBATION

Where probation has been ordered the defendant shall:

(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;
(2) associate only with law-abiding persons and maintain reasonable hours;
(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);
(4) not leave the judicial district without permission of the probation officer;
(5) notify your probation officer immediately of any changes in your place of residence;
(6) follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $150.00 pursuant to Title 18, U.S.C. Section 3013 for count(s) I, II and III.

IT IS FURTHER ORDERED THAT counts _____ are DISMISSED on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

☐ The Court orders commitment to the custody of the Attorney General and recommends:

Tuesday, December 13, 1988
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

ROBERT C. BROOMFIELD, UNITED STATES DISTRICT COURT JUDGE
Name and Title of Judicial Officer

December 20, 1988
Date

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
               Date

_____, the institution designated by the Attorney General, with a certified copy of this Judgment in a Criminal Case.

United States Marshal

By _____
Deputy Marshal

# EXHIBIT B

Date: April 1, 2011              Wells Fargo PhotoCopy              Page 1 of 1
                                      Request

*Reference: 1000136065772:1000136065772:1000136053771*



**R/T Number**          10230109         **Processing Date**   20080611
**Sequence Number**   7137032090        **Amount**              462266.00
**Account Number**     1173014588        **Check Number**       214627